UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY PRIGMORE )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>LOUIS DEJOY, )<br>Postmaster General of the United States, )<br>)<br>Defendants. )<br>)<br>) | | CASE NO. 5:22-CV-01773<br><br>JUDGE JOHN R. ADAMS<br><br><br><br>**ORDER AND DECISION** |

This matter is before the Court on Defendant Louis Dejoy's, Postmater General of the United States, motion for summary judgment. Doc. 14-1. For the following reasons, Defendant's motion for summary judgment is GRANTED, and the matter is hereby DISMISSED.

**I.    FACTS**

The following facts are relevant to the Court's review. Plaintiff Kelly Prigmore, an African American woman, began her employment with the United States Post Office ("USPS") sometime in 2020.  Doc. 14-1, p. 1, citing Doc. 1, ¶11, 16. Plaintiff is currently employed as a Mail Handler. Id. Plaintiff has a Caucasian coworker named Misty Kittle who allegedly began her employment with USPS at the same time as Plaintiff. Doc. 1, ¶13.  In October of 2020, Plaintiff applied for the position of Postal Support Employee ("PSE") and was required to submit a background check. Doc. 14-1, p. 1, citing Doc. 1 at ¶20, 22. "Plaintiff, an African American employee, claims that her Caucasian coworker, Misty Kittle, was not subjected to the required background check when applying for the same PSE position." Doc. 14-1, p. 2, citing Doc. 1 at ¶ 24, 28, 29.

1

Plaintiff contends that on or about November 2, 2020, Ms. Kittle called a human resources representative to inquire as to the status of her application while Plaintiff listened in on speaker phone. Doc. 1, ¶23, 24. Plaintiff asserts that the HR representative informed Ms. Kittle that her background check had expired but that the representative would submit the expired background check with her application. Doc. 1, ¶29. Plaintiff contends that on that same date, she called HR to inquire about the status of her application and was informed that her application could not move forward because her background check was not up-to-date as required. Doc. 1, ¶¶ 34, 42. Plaintiff contends that she "immediately contacted the EEOC on November 2nd, 2020 and requested to file a complaint of racial discrimination." Doc. 1, ¶44. Plaintiff contends that "[t]he EEOC refused to accept Plaintiff's complaint and indicted that Ms. Kittle had to be starting in the position before a complaint could be taken or filed." Doc. 1, ¶45. Plaintiff asserts that Ms. Kittle was verbally offered the PSE position on or about November 5, 2020, despite not having an up-to-date background check. Doc. 1, ¶ 32, 33.

On November 16, 2020, the USPS confirmed Ms. Kittle's appointment to the PSE position via letter, setting her orientation for November 23, 2020. Doc. 14-2. Ms. Kittle began the PSE position on December 5, 2020. Doc. 14-3; Doc. 14-4, ¶ 6. Despite official documentation of Ms. Kittle's start date, Plaintiff alleges that Ms. Kittle started the position on January 10, 2021. Doc. 1, ¶ 46

On January 25, 2021, Plaintiff requested pre-complaint processing with an Equal Employment Opportunity ("EEO") counselor. Doc. 1, ¶47; Doc. 14-5, p. 1; Doc. 1-1, p. 1. On December 9, 2021, the EEO sent Plaintiff a Notice of Right to File an Individual Complaint of Discrimination and on December 21, 2021, Plaintiff filed a formal complaint of discrimination. Doc. 14-5, p. 2; Doc. 1-1, p. 1. On January 6, 2022, Plaintiff's complaint was dismissed as untimely

because she failed to initiate contact with an EEO counsel within 45 days of the alleged discriminatory action as required under 29 C.F.R. 1614.105(a). Doc. 1, ¶48; Doc. 14-5, p. 3; Doc. 1-1, p. 2. On July 5, 2022, the U.S. Equal Employment Opportunity Commission affirmed the Agency's final decision dismissing Plaintiff's formal complaint. Doc. 1-1, p. 2.

On October 4, 2022, Plaintiff filed suit against the USPS alleging race discrimination under Title VII of the Civil Rights Act of 1964. Doc. 1, ¶2. Prior to the case management conference, Defendant informed the Court of its position that Plaintiff's case was filed untimely administratively, and therefore the case should be dismissed before discovery commenced. Doc. 12, p. 3. At the case management conference, the Court concluded that the issue of administrative exhaustion should be briefed prior to the commencement of any discovery. Accordingly, Defendant moved for summary judgment, arguing that Plaintiff failed to exhaust her administrative remedies as required to file the instant suit. Upon review, the Court agrees.

## II. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–944 (6th Cir. 1990).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate whenever the

non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–1480 (6th Cir. 1989) (citing *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

### III.   LAW AND ANALYSIS

Defendant contends that Plaintiff has failed to exhaust her administrative remedies, and therefore it is entitled to judgment as a matter of law. Doc. 14-1, p. 5. Plaintiff is a federal employee. In order to bring the present action, she must comply with the pre-complaint process found in 29 C.F.R. §1614.105. "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) quoting, *Brown v. General Services Administration,* 425 U.S. 820 (1976). 425 U.S. at 833. "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary. The deadlines allow an employer to investigate promptly before evidence becomes stale. It is an employer's burden to prove that an employee

failed to properly exhaust his administrative remedies." *O'Malley v. Potter*, 2005 U.S. Dist. LEXIS 20918 (E.D. Pa. Sept. 19, 2005).

According to the applicable regulations, Plaintiff was required to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. §1614.105(a)(1). The Commission has explained that it

> has adopted a "reasonable suspicion" standard to determine when the 45-day limitation period is triggered. See *Davis v. Department of the Air Force*, EEOC Appeal No. 01A21734 (March 18, 2003) and *Bowser v. U.S. Postal Service*, EEOC Appeal No. 01A05301 (June 13, 2002), both citing *Howard v. Department of the Navy*, EEO Request No. 05970852 (February 11, 1999). Moreover, the Commission has held that waiting until one obtains "proof" of discrimination similarly will not toll the time limit. See *Hernandez v. U.S. Postal Service*, EEOC Appeal No. 01A43044 (September 10, 2004) and *Bracken v. U.S. Postal Service*, EEOC Request No.05900065 (March 29, 1990).

Doc. 14-5, p. 3.

At issue herein is what is the discriminatory act that triggered the 45-day clock. In the dismissal of the Plaintiff's formal EEO complaint, the agency set forth the specific issue alleged as follows:

> You alleged discrimination based on Race (Black) when: On a date not specified in November 2020, you were informed that your background check was out of date and could not be used to hire you to a different position, but a co-worker was told on the same day that even though her background check was out of date, they could use it to hire her to a different position.

Doc. 14-5, p.3.  Plaintiff does not dispute that her January 25, 2021 Complaint was well outside of the 45-day timeframe from this specific instance. In fact, Plaintiff "did not claim that [she was] unaware of the time limit for contacting an EEO Counselor and the record contains an affidavit attesting to the fact that the EEO poster is appropriately displayed at your facility." Doc. 14-5, p. 3. The Commission concluded that because the employer properly displayed the notice informing

Plaintiff of her rights, Plaintiff had constructive knowledge of the 45-day requirement. Id. Accordingly, the Commission dismissed her complaint as untimely. Id. Plaintiff took steps to appeal this decision to the EEOC, who set forth the specific act of discrimination date as follows:

> On December 21, 2021, Complainant filed a formal complaint alleging that the Agency subjected her to discrimination based on race when, on November 9, 2020, she was informed that her background check was out-of-date and could not be used to hire her into a different position. Complainant further alleges that a co-worker was told on the same day that although her background check was out-of-date, it could be used to hire her into a different position.

Doc. 1-1, p. 1. Tellingly, in a footnote regarding the date in question, the EEOC noted "While the Agency's final decision indicates that the alleged discriminatory event occurred on an unspecified date in November 2020, *Complainant states* that the event occurred on November 9, 2020." Id. (emphasis added). Thus, it is clear that Plaintiff believed the discriminatory act to be when she spoke to HR in November of 2020.

In her opposition, Plaintiff asserts that she attempted to file her EEO "Complaint regarding this issue on November 9, 2020, but she was informed that because Ms. Kittle had not begun working in the PSE position, according to USPS records, that she needed to wait to file her complaint." Doc. 15-1, p. 5. In support, Plaintiff offers only an undated and unverified document with no explanation as to its origin, noting that Plaintiff complained that on November 2, 2020 she was informed her background check was out of date and could not be used to hire. Doc. 15-2. While the document appears to be from the EEO, it is unclear what the document is intended to convey, or the source of information contained in the document. Regardless, the document shows nothing more than the fact that on some unspecified date, Plaintiff complained about the November 2020 incident, and that complaint was ultimately dismissed due to untimely counseling contact. Id. This is in fact what the EEO explained in its December 21, 2021 decision. Doc. 14-5. When reviewed in light of the EEOC documents provided by Plaintiff herself clearly stating that she

initiated contact on January 25, 2021, this undated and unverified document does not create a genuine issue of material fact as to whether Plaintiff's initial complaint was made in November of 2020 rather than on January 25, 2021. Finally, the EEOC explained that "Complainant has not alleged that she was unaware of the time limitations for seeking timely EEO contact, or that she was prevented by reasons beyond her control from timely contacting an EEO Counselor[.]" Doc. 1-1, p. 2. Accordingly, Plaintiff fails to establish a genuine issue of material fact as to whether she timely contacted an EEO Counselor about the November incident.

Contrary to her unsupported assertion that she initially contacted the EEO in November of 2020[1], Plaintiff asserts in this action two new discriminatory acts from which she contends she timely initiated the January 25, 2021 EEO action. Based on this post-hoc rationalization, Plaintiff contends that she has exhausted her claims and therefore her case is properly before this Court. According to Plaintiff, these acts are as follows:

> (1) the conversation held on November 2, 2020 where the Caucasian human resources personnel told Misty Kittle, a Caucasian woman, that she could use an outdated background check to apply for the PSE position and then told Plaintiff, an African American woman, minutes later, that she could not use an outdated background check to apply for the same position (Complaint, ECF No. 1, PageID #2, ¶¶ 23-42); (2) When Misty Kittle was offered the position; and (3) When Ms. Kittle started her position, which, based on information obtained from Misty Kittle herself, and another Plant Manager at USPS, was January 10, 2021. (See Exhibit B). Plaintiff then filed her complaint with the EEOC on January 25, 2021, which was well within the 45 day time period.

Doc. 15-1, p. 4. At the administrative level, Plaintiff maintained the November 2020 instance as the specific discriminatory act date. Subsequent information regarding the co-workers start date could be perceived as *evidence* or a *continuation* of the alleged discrimination but does not amount to a specific instance of discrimination in and of itself. Even assuming it did, Plaintiff did not raise

---

[1] Plaintiff submitted an affidavit of facts along with her opposition to Defendant's motion for summary judgment. Doc. 15-3. The affidavit is silent as to any alleged conversation with the EEO in November of 2020.

that issue within the formal EEO process set forth, and therefore, may not raise it for the first time here.[2] Accordingly, Plaintiff has filed to properly exhaust her claim and Defendant is entitled to judgment as a matter of law.

IV. **CONCLUSION**

For the reasons set forth herein, the Defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.

DATE: January 4, 2024               /s/ *John R. Adams*
                                    Judge John R. Adams
                                    UNITED STATES DISTRICT COURT

---

[2] Plaintiff asserts that discovery is necessary on the issue of Ms. Kittle's start date because the USPS provided "inconsistent records showing the start date of Misty Kittle, the USPS employee for whom Plaintiff's complaint was based upon, creating a genuine issue of material fact as to Ms. Kittle's start date, and the timeliness of Plaintiff's complaint." However, as noted above, Ms. Kittle start date is not the operative act the triggered the 45-day timeline, and therefore discovery on the issue is unnecessary for this Court's review.